IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:24-cr-72 |
| v. | ) | |
| | ) | GOVERNMENT'S |
| DAVID ANTHONY TUMEA, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |
| | ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing set for September 16, 2025, at 10:45 a.m.

## TABLE OF CONTENTS

I.   **BACKGROUND** ...................................................................................1

II.  **SENTENCING CALCULATION** ............................................................2

III. **GOVERNMENT'S RECOMMENDATION** ...........................................3

### I.   BACKGROUND

A two-count Indictment was filed on November 5, 2024, in the Southern District of Iowa, charging David Anthony Tumea (Defendant) with Possession of Child Pornography (Count One), in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and Possession of Obscene Visual Representation of the Sexual Abuse of Children (Count Two), in violation of 18 U.S.C. §§ 1466A(b)(1), 1466A(d)(4). A Notice

of Forfeiture was filed pursuant to 18 U.S.C. § 1467. (Final Presentence Investigation Report, hereinafter "PSR." R. Doc. 35, ¶¶ 1-2.)

On April 21, 2025, Defendant pled guilty to Count One of the two-count Indictment. On May 6, 2025, the Court accepted Defendant's plea and adjudicated him guilty. The government has agreed to dismiss Count Two at the time of sentencing. (PSR, R.Doc. 35, ¶¶ 3-4.) Neither party filed objections to the USSG calculations, therefore, there are no issues to resolve at sentencing.

## II.   SENTENCING CALCULATION

In the presentence report paragraphs 41-54 and 124, Defendant's guideline range was calculated as follows:

| | |
|---|---|
| Base Offense Level USSG §2G2.2(a)(1) | 18 |
| Specific Offense Characteristics USSG §2G2.2(b)(1)(A) | -2 |
| Specific Offense Characteristics USSG §2G2.2(b)(2) | +2 |
| Specific Offense Characteristics USSG §2G2.2(b)(4)(A) | +4 |
| Specific Offense Characteristics USSG §2G2.2(b)(6) | +2 |
| Specific Offense Characteristics USSG §2G2.2(b)(7)(D) | +5 |
| Acceptance of Responsibility USSG §3E1.1(a), (b) | -3 |

| | |
|---|---|
| Total Offense Level | **26** |
| Criminal History Category | II |
| Guideline Sentencing Range: | 70 to 87 months |

### III.   <u>GOVERNMENT'S RECOMMENDATION</u>

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of Defendant; and to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of Defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 26/Criminal History category II: 70 to 87 months. The statutory maximum term of imprisonment is up to 20 years. The government is recommending a sentence within the advisory guideline range.

Defendant's criminal history and background are aggravating. This is Defendant's third federal conviction. Defendant was not cooperative in the

preparation of his PSR so much of the information within this report is from his prior PSR from back in 2014. Further the USPO was unable to verify the information in the PSR as Defendant's fathers phone number was not a working phone number. The comments Defendant made for this report demonstrate that he is a danger to the community and that he will not comply with any of the Court's order. Defendant's pattern of non-compliance with supervision is noted due to by the fact that this crime was committed while on supervised release. It is clear that Defendant has a severe mental illness but acknowledges that he will not participate in mental health treatment. (PSR, ¶ 97.) Defendant is refusing to help himself. This attitude is seen in his most recent attempts at mental health treatment. (PSR, ¶ 96.) One of the therapists wrote that Defendant was "irritable, sarcastic, and flippant…" (PSR, ¶ 96a) Defendant called another counselor a "piece of shit." (PSR, ¶ 96b.) Notable in the PSR is the fact that Defendant has a lack of motivation to rehabilitate himself.

On top of Defendant's mental health issues, he has a long history with abusing controlled substances. Defendant failed to complete his assessment for substance abuse treatment at his most recent referral. (PSR, ¶ 107.) Despite his history of abuse, Defendant states that he will not participate in future substance abuse treatment. (PSR, ¶ 108.) Defendant said it best when he commented in 2014 that he "does not give a fuck about the law." (PSR, ¶95h.)

The facts of this case are aggravating because while Defendant was on supervised release and residing at the RRC, he possessed four devices that contained child pornography. The videos he possessed were lengthy and the content was mostly

of the sexual abuse of prepubescent females. In addition to the images and videos, he also used AI to generate a story with him in it engaged in an incestuous situation. (PSR, ¶ 28.)

The government would ask the Court to dismiss Count 2 of the Indictment pursuant to the plea agreement. The government would ask the Court to order forfeiture consistent with the preliminary order of forfeiture. It appears there were restitution requests coming in recently, which will be compiled for the Court to review, but the government will be seeking restitution. Based on Defendant's net worth in the PSR as well as his ability to obtain employment upon release, the government would suggest that the Court assess $5,000 for the JVTA[1] and $5,000 for the AVAA[2].

Further, Defendant has a pending supervised release violation in 4:13-cr-131. The government would ask the Court to run that sentence consecutively to the sentence imposed in this case.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining Defendant's final sentence.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By:   */s/ Melisa Zaehringer*
Melisa K. Zaehringer
Assistant United States Attorney

---

[1] 18 U.S.C. 3013.
[2] 18 U.S.C. 2259A.

U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: Melisa.Zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing     ____Other means

UNITED STATES ATTORNEY

By: _ */s/ Alexandria Ogden*_____
Paralegal Specialist