IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO.  3:24-cr-72 |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| DAVID ANTHONY TUMEA, | ) | |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

On April 21, 2025, David Anthony Tumea accepted responsibility for his conduct by pleading guilty to Count One of the indictment, charging him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).   This matter is scheduled for a sentencing hearing on September 16, 2025, at 10:45 a.m.   The presentence report calculates his total offense level as 26, and criminal history category as II, yielding an advisory guideline range of 70 to 87 months' incarceration.   (PSR, ¶¶ 54, 68, 124).   The defendant has not contested the guideline calculation.   Defendant respectfully asserts, pursuant to the factors which are set forth in 18 U.S.C. § 3533(a), a sentence below or at the low end of the guideline range is sufficient.

## II. PURSUANT TO THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a), A SENTENCE BELOW OR AT THE LOW END OF THE GUIDELINE RANGE IS SUFFICIENT.

A.  Legal Authority

It is well established that the court shall consider all factors set forth in 18 U.S.C. § 3553(a) to determine whether a sentence is sufficient, but not greater than necessary, to address the sentencing purposes outlined in paragraph 2 of this subsection.   *See United States v. Haack*, 403

F.3d 997, 1003 (8th Cir. 2005).   Paragraph 2 provides the following stated purposes:

> "The need for the sentencing imposed - A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant; and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

The sentencing factors to be considered by the court include the nature and circumstances of the offense, the history and characteristics of the defendant, and the kinds of sentences available. 18 U.S.C. § 3553(a)(1).   In addition to these sentencing factors, the court is permitted to entertain policy considerations pertinent to the relevant guideline section.   *Rita v. United States*, 127 S. Ct. 2456, 24654 (2007).   The court may vary outside of the guideline range based on a policy disagreement with the underlying guideline section.   *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007).   The sentencing court "may not presume that the guidelines range is reasonable," but rather "must make an individualized assessment based on the facts presented to arrive at a sentence that is sufficient, but not greater than necessary."   *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

> B.   Analysis

Mr. Tumea's personal history and characteristics offer mitigation, supporting a disposition below or at the low end of the guideline range.   First, Mr. Tumea has demonstrated accountability for his conduct.   He entered a timely plea of guilty, avoiding the need for trial preparation or other litigation.   By doing so, he demonstrated meaningful accountability.

The act of accepting responsibility is of greater significance than statements made by Mr. Tumea suggesting a more cavalier attitude toward his current situation.   (See Dkt. 36, p. 4) (Government's sentencing memo highlighting flippant or critical comments from Mr. Tumea).

While these statements have a negative connotation, they have an apparent connection to longstanding mental health concerns, as early as infancy. Mr. Tumea has struggled with depression and/or significant depressive symptoms since he was very young. (See PSR, ¶ 93) (describing suicidal ideation by at least age 12). His mother describes him as sensitive and fussy as an infant. (PSR, ¶ 76). He demonstrated non-conforming behavior as early as preschool and kindergarten. (PSR, ¶ 76, 95). His mother describes, as an example, him crawling on the floor and acting like a dog in kindergarten, when others were lining up to leave the room. (PSR, ¶ 76). She also describes him hiding in a closet when people came to the house. *Id*. Mr. Tumea's mental health symptoms presented when he was a child and too young to be suspected of making conscious negative choices.

However, the mental health concerns have been largely consistent throughout his life. His mother explains that although as an adult, he is a "very smart, compassionate, and caring person" and has integrity, he tends to focus on the "evils of the world." (PSR, ¶ 76). Her description parallels the extensive mental health records. There is a sense of hopelessness throughout. Mr. Tumea has indicated "nothing brings him joy." (PSR ¶ 77). He does not have genuine friends, creating an isolated existence. *Id*. He has often indicated that he wished he had not been born or wished his life would end. (PSR, ¶¶ 93, 95(b)). He has been described by professionals as being self-critical and as having a low self-concept. (PSR, ¶¶ 95(c) and (g)). He has communicated a lack of goals or hopes for the future, indicative of his depressive mood. (PSR, ¶ 95(b)). He has described himself as always feeling depressed. (PSR, ¶ 95(h)). He has repeatedly been diagnosed with dysthymia, which is characterized by a persistent depressed mood. (PSR, ¶¶ 95(d), (f), and 96(a)), see also Stephanie Collier, MD, MPH, Persistent

Depressive Disorder (dysthymia), Harvard Health Publishing (last visited, Sept. 11, 2025) [https://www.health.harvard.edu/a_to_z/dysthymia-a-to-z] (briefly describing dysthymia). Correspondingly, this sense of hopelessness is likely a significant contributor to comments which, on their face, strike as more callous or contrary.

In addition to the depressive symptoms and related diagnoses, Mr. Tumea has been diagnosed with other psychological conditions. When he was first evaluated in 1988, a chemical imbalance was discovered, as well as a diagnosis of ADHD. (PSR, ¶ 95(b)). Subsequent diagnoses include Schizophrenia, Affective Disorder, Oppositional Defiant Disorder, Obsessive Compulsive Disorder, and Personality Disorder. (PSR, ¶¶ 95 (b),(e), (f), (h) and 96 (c). Again, Mr. Tumea's perspective about his treatment and about his future must be evaluated in the context of the complex mental health diagnoses.

Despite these challenges, Mr. Tumea graduated high school and continued his education at Universal Technical Institute, earning a diploma in automotive, truck, and industrial technology. (PSR, ¶¶ 110, 111). He was later able to secure employment in this field. (PSR, ¶ 115). These efforts demonstrate a drive on Mr. Tumea's part to be self-sustaining.

With respect to the substance abuse history, outlined in paragraphs 99 to 109 of the presentence report, his chronic depressive mood and anxiety likely contributed to substance use issues. There is a logical link to self-medication in his history.

As a result of the sentence in the current matter, Mr. Tumea will be placed under very structured supervision following the term of imprisonment. Based on his charge, he will have the highest level of supervision, making a longer term of incarceration unnecessary to address safety and deterrent concerns. He will be required to abide by specific and detailed conditions of

release.   (See PSR, ¶¶ 141 to 155).   The strict conditions of release and rigorous expectations of Mr. Tumea will promote rehabilitative success.

With respect to Mr. Tumea's ability to pay financial obligations, the defense contends his lower earning capacity, lack of significant financial resources, complex mental health history, restitution obligations and his criminal history and related financial obligations all suggest an inability to meet the corresponding financial obligations pursuant to 18 U.S.C. §§ 3013 and 2259A.   The defense respectfully requests the JVTA and AVAA financial obligations requested by the government not be ordered.

## III.    CONCLUSION

WHEREFORE, Mr. Tumea respectfully requests that the Court impose a sentence consistent with the arguments outlined above and impose a term of imprisonment below or at the low-end of the guideline range.

Respectfully Submitted,

FEDERAL DEFENDER'S OFFICE
CBI Bank & Trust Building
101 W. 2nd Street, Suite 401
Davenport, Iowa 52801-1815
TELEPHONE:   (563) 322-8931
TELEFAX:   (563) 383-0052
EMAIL:   diane_zitzner@fd.org

By:   /s/*Diane Zitzner*
        **Diane Zitzner**
        Assistant Federal Defender
        ATTORNEY FOR DEFENDANT

cc:  Melisa Zaehringer, AUSA

CERTIFICATE OF SERVICE
I hereby certify that on September 11, 2025, I electronically
filed this document with the Clerk of Court using the ECF
system which will serve it on the appropriate parties.
        /s/   Megan Magner